

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

, ALLO C. MANN
..GET GENERAL

January 10, 1939

Hon. E. S. Foreman
County Auditor, Jefferson County
Beaumont, Texas

Dear Sir:

> Opinion No. 0-39
> Re: Expenditure of county funds
> for the organization of a Fresh
> Water District.

This will acknowledge receipt of your letter of January 4, 1939, requesting the opinion of this department as to the answers to the following questions.

(1) Does the County Commissioners' Court or any other County official have any authority to set aside in their budget or otherwise any of the County funds for the use of creating a Fresh Water District?

(2) Is there any authority for the County to furnish as a loan any County fund for the purpose of paying preliminary expenses such as legal expenses, filing fees, traveling expenses, or any other changes in connection with the proposed Fresh Water District?

It is the opinion of this department that the answer to both of the above questions is No. Since they are very closely related they will be discussed together.

The procedure for the establishment of a Fresh Water Supply District is contained in Chapter 4, Title 128, Articles 7881 to 7899 inclusive, Vernon's Revised Civil Statutes of Texas, 1925. The articles which pertain to the questions under consideration are Articles 7883 and 7899, which I quote as follows:

Art. 7883. Deposit
"The petition shall be accompanied by a deposit of one hundred dollars, which shall be paid to the county clerk who shall pay same out upon vouchers approved by the county judge, for all expenses incident to the hearing and the election for the creation of the district, returning any excess to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the petitioners of their attorneys."

Art. 7899. Organization expenses
"The supervisors are authorized to pay all necessary costs and expenses necessarily incurred in the creation and organization of any district, and to reimburse any person, corporation or association for money advanced for such purposes. Such payment shall be made from money obtained from the sale of bonds."

Clearly, it was not the intention of the Legislature that the organization expenses be paid out of County funds for if it had been such, Article 7883 would have provided for the return to the county of any excess monies advanced for that purpose, as well as to the petitioner. Article 7899 sets out in particular who should be reimbursed, and counties are not mentioned, and the exclusion of which indicates that the Legislature did not contemplate such payment by counties. There is no authority contained in the statutes for the payment of such expenses by a county, or the lending of county funds for such purpose.

It is the opinion of this department that any expending of county funds for the purpose of organizing a Fresh Water District or the lending of county funds for such purpose, would be contrary to the provisions of Section 52, Article 3 of the Constitution of Texas, which I quote in part:

"Section 52. The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of vatue (value) in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in such corporation, association or company: ..........."

The case of Hill County vs. Bryant and Huffman (Civ. App.) 264 S. W. 520, at page 522, cited Article 3, Section 52 of the Constitution of Texas, saying, "The County has no right to lend its funds or credit".

The facts as stated in your letter do not bring a Fresh Water District within the exception contained in the aforesaid Article of the Constitution, which is not quoted. A Fresh Water District of the type under discussion is a municipal corporation and is governed by laws relating to that class of corporations. Ball vs. Merriman (Civ. App.) 245 S. W. 1012. This type of corporation is included in the above-quoted constitutional provision wherein it says, "..........any individual, association or corporation whatsoever," and therefore a loan or donation to same would be prohibited by the Constitution of Texas.

Since a county has no authority to lend money for, or to donate money for, the organization of a Fresh Water District, it follows that it has no authority to set aside money in its budget, or otherwise, for such purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James Noel

James Noel
Assistant

JLN:GO

APPROVED:

ATTORNEY GENERAL OF TEXAS